Dear Ms. Quarles:
Your request for an opinion has been forwarded to our office. Your inquiry concerns the liability for payment of court costs by the City of New Orleans (City) and the New Orleans Aviation Board ("NOAB"). The facts of your opinion request letter state that a money judgment was rendered against both the City and the NOAB in a recent case, which included general damages and attorney's fees but was silent as to court costs. The case was subsequently settled, and each party agreed to bear its own court costs, if any. Upon filing a Motion to Dismiss, the Clerk of Court's office advised the City and NOAB that it would require them to pay court costs that had been assessed to them.
Specifically, you asked whether the City and the NOAB, both political subdivisions, are required to pay court costs in the absence of a judgment expressly requiring them to pay court costs.
LA R.S. 13:4521(A)(1) states that:
 Neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment.
The phrase "temporarily deferred" as applied here is defined inLouisiana Insurance Guaranty Association v. Gegenheimer,636 So.2d 209 at 210 as meaning:
 The costs are deferred only during litigation. After a final judgment, costs in a fixed dollar amount may be awarded against the state and political subdivisions. [Emphasis added].
Therefore, the exemption to pay court costs provided by LA R.S.13:4521(A)(1) is not absolute. Under LA R.S. 13:5112(A), the trial or appellate court may stipulate that the exempt party pay court costs. Specifically, LA R.S. 13:5112(A) provides in part that:
 In any suit against the state or department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable consideration may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful parties court costs in a dollar amount in a judgment of the trial court or decree of the appellate court.
Therefore, in suits against the state, department, board, commission, agency, or political subdivision, the court may award court costs to the successful party-plaintiff. However, there must be a judgment of the trial court or an appellate decree assessing court costs to the exempt party. Absent such a judgment, LA R.S. 13:4521(A)(1) governs, and court costs shall not be assessed against the state or other entity enumerated in the statute.
In your letter, you stated that the judgment was silent as to court costs. If this is the case, then the defendants should not be liable for court costs under LA R.S. 13:4521(A)(1). The City and NOAB would only be liable to pay court costs if the court's judgment directed them to do so.
The fact that each party agreed in the settlement to pay its own court costs could effect the defendants' obligation to pay based on the language of the settlement agreement. If the language of the settlement states that the defendants are to pay court costs that would have accrued against them without the LA R.S.13:4521(A)(1) exemption, then they would have to pay. This would be the assumption of a natural obligation, of which can be the object of an onerous and enforceable contract. However, if the language reads as you stated that "each party will bear its own court costs, if any," then the City and NOAB ought not to pay. Because there was no judgment directing the defendants to pay court costs before the parties entered into the settlement, the amount of court costs the defendants owed under LA R.S.13:4521(A)(1) is zero.
Defendants therefore should not be assessed court costs until and unless a trial court judgment or an appellate decree requires that assessment.
I hope this addresses your questions. Should you have any questions or comments, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: CHARLES H. BRAUD, JR. ASSISTANT ATTORNEY GENERAL Marlene Quarles Representing the City of New Orleans The New Orleans Aviation Board 31st Floor 201 St. Charles Avenue New Orleans, Louisiana 70170-3100
Date Received: Date Released: March 22, 2000
Charles H. Braud Assistant Attorney General